# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUMINENCE, LLC, a California limited liability company,<br><br>                                  Plaintiff,<br>v.<br>ALEXANDER ZIMMERMAN, a/k/a ALEXANDER LYUDMILOR, an individual, d/b/a SAILS MARINE, a sole proprietorship; DOES 1-10;<br>                                Defendants. | Case No.  3:20-cv-0091-GPC-KSC<br><br>**ORDER OF DISMISSAL**<br><br>(ECF Nos. 4, 5.) |

      On March 25, 2020, Plaintiff notified the Court that the Parties reached a settlement in the above-captioned matter. (ECF No. 4.) On March 26, 2020, Plaintiff filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41. (ECF No. 5.) Plaintiff cites to Federal Rule of Civil Procedure 41, which states in relevant part that "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. Pro. 41(a)(1)(A)(i).

      Here, Plaintiff filed the required notice and Defendant has yet to file an answer or any motion in this matter. (ECF No. 5.) Consequently, Plaintiff's voluntary dismissal is "self-executing." *Storman v. U.S. Office of the Sec'y, DDHS*, No. 2:17-CV-0976-MCE, 2018 WL 740127, at *2 (E.D. Cal. Feb. 7, 2018) (subsequent case

history excluded); *see also Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1076 (9th Cir. 1999) (noting that a voluntary "dismissal is effective on filing and no court order is required.").

      Nonetheless, because Plaintiff requests that the dismissal take effect with prejudice, the Court **ORDERS** that Plaintiff's complaint matter be **DISMISSED WITH PREJUDICE** and **DIRECTS** the Clerk of Court to close this action.

      **IT IS SO ORDERED.**

Dated:  March 30, 2020

Hon. Gonzalo P. Curiel
United States District Judge